IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MICHAEL S. ZIEGLER ,

    Petitioner,

v.

DEBORAH MCCULLOCH,

    Respondent.

ORDER

Case No. 14-cv-73-wmc

    Petitioner Michael S. Ziegler is presently in state custody pursuant to Wis. Stat. ch. 980 at the Sand Ridge Secure Treatment Center in Mauston, Wisconsin. He has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 and has submitted a motion for leave to proceed without prepayment of the filing fee. (Dkt. # 2). The court cannot consider this motion, however, because it lacks supporting documentation regarding his eligibility for indigent status. This court uses one formula for determining whether an institutionalized litigant is entitled to leave to proceed without prepayment of the filing fee, even in cases that are not subject to the mandatory fee provisions found in the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(b). *See Longbehn v. United States*, 169 F.3d 1082, 1083-84 (7th Cir. 1999) (approving the district court's incremental fee-collection formula for non-PLRA cases).

    For this case to move forward, petitioner must either pay the $5 filing fee or submit a certified inmate trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of his habeas corpus petition. See 28 U.S.C. § 1915(a)(2); *Longbehn v. United States*, 169 F.3d 1082 (7th Cir. 1999). If petitioner does not submit either the $5 filing fee or a trust fund account statement before February 28, 2014,

the court will assume that he wishes to withdraw this action voluntarily and will dismiss the petition without prejudice.

## ORDER

IT IS ORDERED that:

1. The motion for leave to proceed without prepayment of the filing fee (Dkt. # 2) is DENIED at this time.

2. No later than February 28, 2014, petitioner Michael S. Ziegler shall pay the $5 filing fee or submit a certified copy of his inmate trust fund account statement for the six-month period from the date of the habeas petition (February 2, 2014 through at least August 2, 2013).

3. Petitioner is advised that, if he fails to comply as directed or show cause for his failure to do so, the court will assume that he does not wish to proceed and this case will be dismissed without further notice.

Entered this 6th day of February, 2014.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge