IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL S. ZIEGLER,

    Petitioner,                    ORDER

v.                                         14-cv-73-wmc

DEBORAH McCULLOCH, Director,
Sand Ridge Secure Treatment Center,

    Respondent.

---

Michael S. Ziegler has filed a petition for a federal writ of habeas corpus, challenging his continued confinement as a sexually violent person under Wis. Stat. ch. 980. On February 6, 2014, the court issued an order denying Ziegler's motion for appointment of counsel. (Dkt. # 15). Noting that he suffers from attention deficit hyperactivity disorder ("ADHD"), Ziegler has filed a motion for reconsideration and he repeats his request for the appointment of counsel. The motion will be denied for reasons set forth briefly below.

As explained previously, there is no automatic right to court-appointed counsel in a civil matter such as a federal habeas corpus proceeding. *See Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997); *see also Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."). A federal habeas corpus court may, however, appoint counsel for a financially eligible petitioner where "the interests of justice so require." 18 U.S.C. § 3006A(g); *Johnson v. Chandler*, 487 F.3d 1037, 1038 (7th Cir. 2007).

In this instance, Ziegler paid the filing fee and does not proceed under the *in forma pauperis* statute. *See* 28 U.S.C. § 1915(a). Thus, he has made no showing in this case that he is indigent or financially eligible for appointed counsel. For this reason, his motion must

1

be denied.

Even assuming that he qualifies as indigent, Ziegler does not show that he meets the criteria for counsel found in the Rules Governing Section 2254 Cases in the United States District Courts, *see* Rules 6(a), 8(c) (citing 18 U.S.C. § 3006A), or that the interests of justice require the appointment of counsel at this time. In that respect, although Ziegler states that this case will require discovery, he provides no specific facts in support of that assertion. Ziegler is advised that discovery is limited in habeas corpus proceedings. Because he is challenging a state court judgment of civil commitment, federal habeas review "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, — U.S. —, 131 S. Ct. 1388, 1398 (2011). To the extent that the petitioner seeks evidence that was not presented in state court, his implied request for leave to conduct discovery must also be denied.

## ORDER

IT IS ORDERED that the petitioner's motion for reconsideration and for appointment of counsel, dkt. # 13, is DENIED.

Entered this 2nd day of April, 2014.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge