IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MICHAEL S. ZIEGLER,

                Petitioner,

v.

DEBORAH McCULLOCH, Director,
Sand Ridge Secure Treatment Center,

                Respondent.

ORDER

14-cv-73-wmc

Petitioner Michael S. Ziegler is presently in state custody of the Wisconsin Department of Health Services at the Sand Ridge Secure Treatment Center in Mauston. Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his civil commitment at Sand Ridge as a sexually violent person pursuant to Chapter 980 of the Wisconsin Statutes. The respondent has filed a motion to dismiss, noting that petitioner has not exhausted state court remedies with respect to any cognizable federal claim. In response, petitioner has requested a stay so that he can return to state court and present a different claim from the one that he presents in his current petition. The court addresses both motions briefly below.

Petitioner's request for a stay is governed by the criteria found in *Rhines v. Weber*, 544 U.S. 269 (2005). In that case, the Supreme Court held that district courts may stay a mixed petition, containing both exhausted and unexhausted claims, only in "limited circumstances." *Id.* at 277. To obtain a stay under *Rhines*, a petitioner must show good cause for his failure to exhaust. *Id.* Assuming that good cause is shown, the court must find that the unexhausted claims are potentially meritorious and that petitioner has not

1

engaged in "abusive litigation tactics or intentional delay[.]" *Id.* at 277, 278; *see also Arrieta v. Battaglia*, 461 F.3d 861, 866 (7th Cir. 2006).

Petitioner does not offer any explanation for his failure to exhaust state court remedies before seeking relief in federal court. Accordingly, he does not establish the requisite good cause for a stay. In addition, the court notes that the statute of limitations on federal habeas review has not yet expired where Ziegler's judgment of commitment is concerned.[1] As a result, Ziegler has time to return to state court and pursue collateral review, which should toll the statute of limitations under 28 U.S.C. § 2244(d)(2).

The court will, therefore, grant respondent's motion to dismiss the petition without prejudice for failure to exhaust available state court remedies. Petitioner is admonished, however, that he must diligently pursue relief in state court to ensure that the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) does not expire.

ORDER

IT IS ORDERED THAT:

1. Respondent's motion to dismiss the petition for lack of exhaustion (dkt. # 12) is GRANTED and petitioner Michael S. Ziegler's motion for a stay (dkt. # 15) is DENIED.

---

[1] A jury found that Ziegler qualified as a sexually violent person as defined in Chapter 980, and the circuit court entered a judgment of civil commitment on March 3, 2012. *See State v. Ziegler*, Fond du Lac County Case No. 07CI02. The Wisconsin Court of Appeals affirmed the commitment order in an unpublished opinion. *See State v. Ziegler*, 2013 WI App 128, 351 Wis. 2d 225, 838 N.W.2d 866 (per curiam). The Wisconsin Supreme Court denied Ziegler's petition for review recently on January 13, 2014.

2. This case is DISMISSED without prejudice to re-filing after petitioner has exhausted all available state court remedies.

3. Petitioner is ADMONISHED that he must diligently pursue relief in state court and must not delay to ensure that the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) does not expire.

Entered this 16th day of May, 2014.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge